UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARE U. ANAGONYE,

       Plaintiff,

v.

       Case No.  24-11251
       HON.  GEORGE CARAM STEEH

TRANSFORM AUTOMOTIVE, LLC,
et al.,

       Defendants.
_____/

OPINION AND ORDER GRANTING  DEFENDANTS'
MOTION TO DISMISS (ECF NO. 8), AND DENYING PLAINTIFF'S
MOTION TO SHOW CAUSE (ECF NO. 10) AND PLAINTIFF'S
<u>MOTION FOR PRELIMINARY HEARING (ECF NO. 22)</u>

    Plaintiff Clare U. Anagonye, appearing *pro se*, filed a complaint alleging harassment and retaliatory discrimination by her employer, defendant Transform Automotive, as well as its parent companies. The crux of plaintiff's claim is that defendants provided false information to the Michigan Department of Labor and Economic Opportunity (Michigan LEO) Unemployment Insurance Agency stating that she was terminated due to sexual misconduct in the workplace, and that defendants refuse to remove the false allegations. ECF No. 1, PageID.5. Plaintiff characterizes defendants' continuing refusal to remove the information from her Michigan LEO records as slander and defamation. In her claim for relief, plaintiff

- 1 -

requests that the offensive information be removed from the Michigan LEO records and that defendants pay her $30 million in damages.

Plaintiff filed a previous lawsuit against Transform Automotive, also arising from the termination of her employment due to complaints of sexual misconduct in the workplace. In *Anagonye v. Transform Automotive, LLC*, Case No. 21-11174 (2021 Lawsuit), plaintiff's *pro se* statement of her claim provided in part:

> On 10/23/2019 the plaintiff was fired wrongfully for sexual ha[]rassment. When the [D]epartment of Labor and EEOC asked for evidence (an incident report) they ignored the State of Michigan's request and placed this misconduct wrongfully on the plaintiff's permanent labor records. The defendant refuses to remove this false information with the State.

ECF No. 1, PageID.5. Plaintiff sought removal of what she deemed to be false information from the Michigan LEO records and "damages caused by the false allegations and emotional distress and hardship" in the amount of $3 million. *Id.* at p. 6.

Following discovery in the 2021 Lawsuit, the Court granted Transform's motion for summary judgment on the merits, adopting the magistrate judge's determination that plaintiff failed to state a prima facie case of sexual discrimination or retaliation for engaging in a protected activity in violation of Title VII. *See* Opinion and Order Adopting Report and Recommendation and Granting Defendant's Motion for Summary

Judgment (ECF No. 78, PageID.674); *see also* Report and Recommendation to Grant Defendant's Motion for Summary Judgment (ECF No. 76). The Court also found that even if plaintiff had stated a prima facie case, she failed to rebut Transform's articulated legitimate, non-discriminatory and non-retaliatory reason for terminating her employment. *Id*. Further, the Court found that plaintiff failed to raise a genuine issue of material fact that Transform's proffered reason for terminating her employment was pretext. *Id*. Plaintiff appealed the decision to the United States Court of Appeals for the Sixth Circuit. Her appeal was dismissed for lack of prosecution on April 30, 2024. ECF No. 89, PageID.831.

After reviewing the claims brought in the pending lawsuit, this Court issued an Order to Show Cause, requiring plaintiff to explain why the pending case should not be dismissed because the same claims and issues asserted were or could have been raised in the 2021 Lawsuit. ECF No. 7. In lieu of filing an Answer, defendants filed a motion to dismiss. ECF No. 8. Defendants maintain that plaintiff's claims were previously litigated and decided on their merits and are therefore barred by the doctrines of claim and issue preclusion. Defendants also argue that plaintiff's claims should be dismissed under Title VII's statute of limitations, failure to state a

claim against the parent company defendants, and failure to properly serve defendants.

Plaintiff filed timely responses to the Court's Order to Show Cause and defendants' motion to dismiss (ECF Nos. 10, 12 and 16). Plaintiff further filed a motion requesting a preliminary hearing (ECF No. 22). The matter is fully briefed and upon careful review of the written submissions, the Court deems it appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2). For the reasons set forth below, defendants' motion to dismiss is GRANTED and plaintiff's motions are DENIED.

## ANALYSIS

I.   Claim Preclusion

The doctrine of *res judicata*, or claim preclusion, promotes judicial economy and protects litigants from the burden of relitigating claims and issues with the same parties. *See Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 (1979). The doctrine provides that a final judgment on the merits of an action bars relitigation between the same parties or their privies on "issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). A subsequent suit will be

found to involve the same claim if it arises from the same transaction or involves a "common nucleus of operative facts" as the prior proceeding. *Id.* (citations omitted).

As outlined above, the Court entered an order granting summary judgment in favor of Transform on plaintiff's claims of discrimination and retaliation in violation of Title VII in the prior lawsuit. Federal Rule of Civil Procedure 56(c) empowers courts to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Summary judgment constitutes final judgment on the merits. *See Stemler v. Florence*, 350 F.3d 578, 587 (6th Cir. 2003) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) ("[A] grant of summary judgment resolves the issue on the merits and is with prejudice.").

Next, the privity requirement for claim preclusion has been met. Transform was named as a defendant in both lawsuits. In the pending action, plaintiff additionally named Transform's parent company, Means, its grandparent company, Amvehicle, and its great-grandparent company, Amsted. As the Michigan Supreme Court described it, "[t]o be in privity is to

be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert." *Adair v. State*, 470 Mich. 105, 122 (2004) (citation omitted). Here, the newly added defendants are in privity with Transform, their wholly owned subsidiary, with whom they share the same legal rights and interests.

Finally, the Court must decide if the issues raised in this case were or could have been resolved in the 2021 Lawsuit. Both complaints allege violations of Title VII and workplace harassment and discrimination. Furthermore, both complaints seek the removal of the same allegedly false information from plaintiff's Michigan LEO record. While plaintiff now characterizes her claim regarding the refusal to remove the information as defamation, the claim clearly arises out of the same subject matter and facts that formed the basis of the 2021 Lawsuit.

The Michigan LEO sent the Request for Information on October 29, 2019 and Jill Young, Transform's Human Resources Manager, filed a response on behalf of Transform on November 8, 2019. This response contains the information that forms the basis of plaintiff's defamation claim and it was provided to LEO a year and a half before plaintiff filed the 2021 Lawsuit. Therefore, even if the defamation claim asserted in the pending lawsuit was not actually asserted in the 2021 Lawsuit, the events that gave

rise to the claim had already occurred such that the claim could have been raised by a party exercising reasonable diligence.

The Court finds that the claims asserted in plaintiff's complaint are barred by the doctrine of claim preclusion.

There is one aspect of plaintiff's defamation claim that did not occur until after the 2021 Lawsuit was filed. While not included in her complaint, plaintiff alleges in her responsive pleadings that Human Resources Manager Young made a defamatory statement during her deposition. The deposition, which occurred on May 11, 2023, was taken during discovery in the 2021 Lawsuit. However, a statement made by a witness during a deposition, so long as it is "relevant, material, or pertinent to the issue being tried," is absolutely privileged pursuant to the judicial proceedings privilege. *Mundy v. Hoard,* 216 Mich. 478, 491 (1921); *Couch v. Schultz*, 193 Mich.App. 292, 294-95 (1992). The policy behind this privilege is to protect participants in judicial proceedings so they are "free to express themselves without fear of retaliation." *Couch*, 193 Mich.App. at 295.

In her deposition, Young described the complaints she received from current and former employees that formed the basis of the decision to terminate plaintiff. Such testimony is relevant, material, and pertinent to the issues being tried, which included whether plaintiff's termination was the

result of discrimination or retaliation, and whether Transform had a legitimate, non-discriminatory basis for terminating plaintiff. The judicial proceedings privilege likewise applies to Young's Declaration, dated Feb 2, 2023, that describes her investigation into complaints made against plaintiff. ECF No. 73, PageID.594.

The elements of a defamation claim include that a false and defamatory statement concerning plaintiff be made to a third party, and that the communication is not privileged. *Mitan v. Campbell,* 474 Mich. 21, 24 (2005). Young's statements made during her deposition and in her Declaration are privileged communications that cannot form the basis of a defamation claim.

## CONCLUSION

The Court having determined that plaintiff's complaint is barred by the doctrine of claim preclusion, it will be dismissed in its entirety. The Court therefore need not address the additional arguments raised by defendants in their motion to dismiss. Defendants' request that the Court require plaintiff to pay their attorneys' fees is denied.

IT IS HEREBY ORDERED that defendants' motion to dismiss (ECF No. 8) is GRANTED.

IT IS HEREBY FURTHER ORDERED that plaintiff's motion to show cause (ECF No. 10) is DENIED.

IT IS HEREBY FURTHER ORDERED that plaintiff's motion for preliminary hearing (ECF No. 22) is DENIED.

Dated:  August 27, 2024

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 27, 2024, by electronic and/or ordinary mail and also on Clare U. Anagonye, 1506 Nob Lane, Apt. 302, Pontiac, MI 48340.

s/LaShawn Saulsberry  
Deputy Clerk

---