UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARE U. ANAGONYE,

       Plaintiff,

                                          Case No.   24-11251

v.                                   HON.   GEORGE CARAM STEEH

TRANSFORM AUTOMOTIVE, LLC,
et al.,

       Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION (ECF No. 25)

      This matter is before the Court on plaintiff Clare Anagonye's motion for reconsideration of the Court's order and judgment of dismissal. This case is the second lawsuit plaintiff filed against Transform Automotive. Both complaints allege violations of Title VII and workplace harassment and discrimination. Furthermore, both complaints seek the removal of the same allegedly false information from plaintiff's Michigan LEO record. *See*, *Anagonye v. Transform Automotive, LLC*, Case No. 21-11174 (2021 Lawsuit). After conducting a thorough analysis, the Court concluded that the claims asserted in plaintiff's complaint are barred by the doctrine of claim preclusion. On this basis, the Court issued an opinion and order granting defendants' motion to dismiss and a judgment of dismissal. ECF

Nos. 23 and 24.

The local rules of this district no longer allow a party to file a motion for reconsideration of final orders or judgments. E.D. Mich. LR 7.1(h)(1). Instead, "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). *Id*.

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). While Rule 59(e) permits a court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Fed. Practice & Proc. § 2810.1 (2d ed. 1995)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic),

misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id*. Like Rule 59(e), Rule 60(b) does not provide a vehicle to rehash arguments previously made and rejected. *Long v. Morgan*, 56 F. App'x 257, 258 (6th Cir. 2003).

The party seeking relief under Rule 59(e) or Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

In her motion, plaintiff reiterates arguments that she previously made, and that the Court previously considered. Those arguments are that she

did not engage in the acts that lead to her termination and that defendants continue to slander her by not removing the allegedly false allegations from her labor records. Plaintiff also maintains that the Court erred in dismissing her case through "estoppel" instead of providing her a jury trial. For the reasons provided in the opinion and order of dismissal, the Court did not commit a clear error of law, or a manifest injustice, nor is there any basis to conclude that this an "unusual and extreme situation[] where principles of equity mandate relief." Plaintiff fails to satisfy her burden as she does not demonstrate how any of the standards in Rule 59(e) or Rule 60(b) are met.

The Court finds that plaintiffs' motion for reconsideration (ECF No. 58) is hereby DENIED.

Dated:   October 1, 2024

                                    s/George Caram Steeh
                                    GEORGE CARAM STEEH
                                    UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 1, 2024, by electronic and/or ordinary mail and also on Clare U. Anagonye, 1506 Nob Lane, Apt. 302, Pontiac, MI 48340.

s/LaShawn Saulsberry
Deputy Clerk